IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Abdullah Holmes, | ) | C/A No. 0:11-02024-JMC-PJG |
| Plaintiff, | ) | |
| vs. | ) | |
| Warden McKie, Bernard;<br>Major Latta, | ) | **REPORT AND<br>RECOMMENDATION** |
| Defendants. | ) | |

The Plaintiff, Abdullah Holmes ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

## BACKGROUND

Plaintiff alleges that he was assaulted by another inmate at Kirkland Correctional Institution. (ECF No. 1 at 3.) "When the incident occurred [Plaintiff] was placed into a segregation unit with the loss of [his] telephone privileges without an explanation as to why." (Id.) On March 15, 2011, Plaintiff "was denied an adequate opportunity for a hearing and deprived of the right to introduce evidence." (Id.) Plaintiff feels that he should not have been disciplined for the incident, because he was the "victim of an assault." (Id.) Plaintiff seeks financial compensation for the Defendants' failure to "properly review all evidence of the issues that pertains to this matter before subjecting me to be disciplined, segregated and stripped of my correspondent privileges." (Id. at 5.)



**INITIAL REVIEW GENERALLY**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994), quoting Baker v. McCollan, 443

U.S. 137, 144, n.3 (1979).  A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff alleges due process violations associated with being disciplined on March 15, 2011.  Disciplinary proceedings that implicate a protected liberty interest demand due process.  See Wolff v. McDonnell, 418 U.S. 539 (1974).  In Wolff, the United States Supreme Court held that where a disciplinary hearing affects a liberty interest, inmates must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; (3) a written statement by the fact finders of the evidence relied on and the reasons for the disciplinary action; and (4) a fair and impartial tribunal.  Wolff, 418 U.S. at 563-67.

To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action.  Beverati v. Smith, 120 F.3d 500, 502 (4th Cir.1997).  When the punishment does not cause the original sentence to be enhanced, protected interests will be generally limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  Sandin v. Conner, 515 U.S. 472 (1995) (holding that

disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest).

In the instant case, Plaintiff has made no allegations or representations to the court that he lost any good-time credits as a result of the disciplinary action, or that such action resulted in an increase in the sentence imposed. Instead, Plaintiff complains of the loss of telephone privileges. However, Plaintiff has no constitutional right to the use of a telephone in prison. See United States v. Alkire, No. 95-7885, 1996 WL 166400, at *1 (4th Cir. Apr. 10, 1996); see also United States v. Footman, 215 F.3d 145, 155 (1st Cir. 2000) ("Prisoners have no per se constitutional right to use a telephone . . ."); Benzel v. Grammar, 869 F.2d 1105, 1108 (8th Cir. 1989) (prisoner has no right to unlimited telephone usage). Thus, Plaintiff has failed to show that the defendants' actions extended Plaintiff's sentence or otherwise implicated a protected liberty interest that would trigger the protection of the Due Process Clause. See, e.g., Beverati, 120 F.3d at 502 (4th Cir. 1997) (confinement in administrative segregation does not exceed the sentence imposed in such an extreme way as to give rise to the protection of the Due Process Clause by its own force, and inmates did not possess a liberty interest in avoiding administrative segregation).

Further, Plaintiff has failed to show that the conditions of segregated confinement constituted an atypical and significant hardship in relation to the ordinary incidents of prison life. In fact, Plaintiff provides no facts to indicate that his experience in segregated confinement was significantly different from his placement in a regular cell. See Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991) ("[C]hanges in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative



segregation), and the denial of privileges [are] matters which every prisoner can anticipate are contemplated by his original sentence to prison . . ."). As Plaintiff fails to demonstrate that the discipline imposed by the defendants implicates a protected liberty interest, or that Plaintiff's segregated confinement constitutes an atypical hardship, his due process claim is subject to summary dismissal.

Finally, to the extent Plaintiff is attempting to allege a negligence claim against the defendants, his case is likewise subject to summary dismissal. The law is well settled that negligence, in general, is not actionable under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 328-36 & n.3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Pink v. Lester, 52 F.3d 73 (4th Cir. 1995) (Daniels bars an action under § 1983 for negligent conduct); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987). As Plaintiff fails to establish a violation of his due process rights and negligence does not constitute a cognizable claim under § 1983, the Complaint in this case should be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 30, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).